UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| ELLSWORTH S. ROACH | CIVIL ACTION NO. 19-1644-P |
| VERSUS | CHIEF JUDGE HICKS |
| STEVE PRATOR, ET AL. | MAGISTRATE JUDGE HORNSBY |

REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Ellsworth S. Roach ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on December 11, 2019. Plaintiff is incarcerated in the Caddo Correctional Center in Shreveport, Louisiana, and claims his civil rights were violated by prison officials. He names the Caddo Correctional Center, Steve Prator, Robert Wyche, and Sgt. Taylor as defendants.

Plaintiff claims inmates that request grievance forms are disciplined. He claims grievances must be filed on a tablet. He claims grievances are denied at the first step. He claims inmates no longer have access to tablets or paper grievances.

Plaintiff claims Sheriff Steve Prator is responsible for the inadequate law library and time allowed inmates in the law library. He claims inmates normally only have 20 minutes

a month in the law library.  Plaintiff claims he is unable to properly research and work on his criminal case.  He claims inmates are refused motions.  He claims inmates are denied access to the court system's legal work.  Plaintiff claims inmates and inmate counsels are punished for assisting other inmates with legal work.

Plaintiff claims the administration runs the prison like a concentration camp.  He claims the facility is operated and managed like a maximum-security facility on 23-hour lockdown with 30 minutes of recreation twice a day.

Plaintiff claims the medical staff and dental staff refuse to treat sick inmates for one to two weeks.  He claims that when the inmates are seen they no longer need treatment.

Plaintiff claims that sometimes it is more than two weeks before inmates can clean or sanitize their cells.  He claims inmates are told that there is not enough time even though they are locked in their cells for 22 and 1/2 hours each day.  He claims the showers are rarely cleaned and smell like bodily fluids.  He claims the drains are blocked with trash and flood over the inmates' feet.  Plaintiff claims that in a cell, two men are on racks and one man is on a boat next to the toilet.

Plaintiff claims inmates are not adequately fed.  He claims that since the government shutdown, inmates are being shorted on food.

Plaintiff claims it is almost impossible to receive anything from the laundry that is not torn.

Plaintiff claims the guards show no concern for the inmates' safety or wellbeing.  He claims the guards ignore the emergency call button and yell at inmates to not press the

button again.  He claims the guards threaten to place the inmates on lockdown if they press

the call button.

Plaintiff claims the guards delay the mail if they know it is for an inmate's benefit.

Plaintiff claims inmates are given haircuts and nail clipping once every two months.

Plaintiff claims women are allowed to work in the men's dorms.  He claims the

women abuse their rights as officers and guards.

Plaintiff claims only five showers work properly if at all for a 64-cell housing unit.

He claims it is difficult to shower because inmates are only allowed 20 to 25 minutes.

Plaintiff claims that on December 7, 2019 and other big game days, inmates are

locked down for 24 to 30 hours.  He claims this creates tension among the inmates.

Accordingly, Plaintiff seeks monetary compensation and injunctive relief.

## LAW AND ANALYSIS

**Administrative Remedy Procedure**

Plaintiff claims grievances must be filed on a tablet.  He claims inmates that request

a grievance form are disciplined.  He claims grievances are denied at the first step.  He

claims inmates no longer have access to tablets or paper grievances.

Inmates do not have a constitutionally protected right to a prison administrative

grievance procedure. See Oladipupo v. Austin, et al., 104 F.Supp.2d 626 (W.D.La.2000);

Brown v. Dodson, et al., 863 F.Supp. 284 (W.D.Va.1994); Flick v. Alba, 932 F.2d 728,

729 (8th Cir.1991). A prison official's failure to comply with a state administrative

grievance procedure is not actionable under Section 1983 because a state administrative

grievance procedure does not confer any substantive constitutional right upon prison

inmates. Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988), cert. denied, 488 U.S. 898, 109 S.Ct. 242, 102 L.Ed.2d 231.

Furthermore, state administrative grievance procedures are separate and distinct from state and federal legal procedures. Thus, a prison official's failure to comply with state administrative grievance procedures does not compromise an inmate's right of access to the courts. Flick, supra. Thus, insofar as Plaintiff alleges that the defendants failed to have and/or comply with a prison administrative grievance procedure, those allegations, standing alone, do not provide an arguable basis for recovery under Section 1983.

Accordingly, these claims should be dismissed with prejudice as frivolous.

**Legal Access**

Plaintiff claims Sheriff Steve Prator is responsible for the inadequate law library and time allowed inmates in the library.  He claims inmates normally only have 20 minutes a month in the law library.  Plaintiff claims he is unable to properly research and work on his criminal case.  He claims inmates are refused motions.  He claims inmates are denied access to the court system's legal work.  Plaintiff claims that inmates and inmate counsel are punished for assisting other inmates with legal work.

Prisoners have a constitutional right of meaningful access to the courts. Degrate v. Godwin, 84 F.3d 768, 768-69 (5th Cir.1996) (quoting Bounds v. Smith, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977)).  However, this constitutional guarantee is not without limitation.  Lewis v. Casey, 518 U.S. 343 (1996) (quoting Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254, 2261-62, 96 L.Ed.2d 64 (1987)).  In Lewis v. Casey, 518 U.S. 343, (1996), the Supreme Court reviewed its holding in Bounds v. Smith, 430 U.S. 817,

(1977) which is the source of a prisoner's constitutional right to "meaningful access to the courts." While the Supreme Court reaffirmed a prisoner's right of access to the courts in Lewis, the Court limited the parameters of Bounds and set forth a standard to be applied when determining whether to grant relief for an access to the courts violation. In so holding, the Court noted that a prisoner must show an actual injury, explaining that this requirement is derived from the doctrine of standing. Lewis, 116 S.Ct. at 2179. The Court used the analogy of a prisoner who is denied access to that of a healthy prisoner who has been deprived of medical treatment. In both cases, neither the access deprived prisoner nor the healthy prisoner have sustained constitutional injury, and thus, are not entitled to relief under Section 1983. The Court emphasized that the court's role is to provide relief to claimants who have suffered actual harm, not to interfere with the management of prisons.

The Fifth Circuit has held that a prisoner cannot prevail on an access to the courts claim without proving an actual injury in non-frivolous litigation as a result of the defendant's alleged unconstitutional conduct. Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998); Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999).

Application of the actual injury requirement to the instant case supports a finding that Plaintiff 's claims are frivolous. Clearly, Plaintiff has not satisfied the "actual injury" requirement as he makes no claims of injury in his complaint or amended complaint. Plaintiff has failed to demonstrate that he lost the right to commence, prosecute, defend or appeal any suit or case because of the actions of Defendants. Thus, he has failed to state any actual injury. Accordingly, Plaintiff's claims should be dismissed with prejudice as frivolous.

**Conclusory Claims**

Plaintiff claims the administration runs the prison like a concentration camp. He claims the medical staff and dental staff refuse to treat sick inmates for one to two weeks, and when inmates are seen they no longer need treatment. Plaintiff claims inmates are not adequately fed. He claims that since the government shutdown, inmates are being shorted on food. Plaintiff claims it is almost impossible to receive anything from the laundry that is not torn. Plaintiff claims the guards show no concern for the inmates' safety or wellbeing. He claims the guards ignore the emergency call button and yell at inmates to not press the button again. He claims the guards threaten to place the inmates on lockdown if they press the call button. Plaintiff claims the guards delay the mail if they know it is for an inmate's benefit. Plaintiff claims women are allowed to work in the men's dorms and abuse their rights as officers and guards.

A Section 1983 plaintiff has long been required to plead his case with "factual detail and particularity," not mere conclusory allegations. Elliot v. Perez, 751 F.2d 1472, 1473 (5th Cir. 1985); Hale v. Harney, 786 F.2d 688 (5th Cir. 1986). The Supreme Court has abolished this heightened pleading standard for claims against municipalities, Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 113 S.Ct. 1160 (1993), but the requirement remains firmly in place for claims against individual public officials. See Schultea v. Wood, 47 F.3d 1427 (5th Cir.1995) (en banc).

In this case, Plaintiff has named individual prison officials as defendants and is therefore required to give factual details regarding his alleged constitutional rights violations. Plaintiff has failed to do so as to these claims.

Page **6** of **11**

Accordingly, these claims should be dismissed for failure to state a claim on which relief may be granted.

**Conditions of Confinement**

Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law.  The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged unconstitutional conditions of confinement is the Eighth Amendment prohibition against cruel and unusual punishment. Under the Eighth Amendment, prison officials are required to provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee safety of inmates.  See Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970 (1994).

An Eighth Amendment claim has two required components. See Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324 (1991).  First, the deprivation alleged must be sufficiently serious. See id., 111 S. Ct. at 2324.  "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave" to constitute cruel and unusual punishment. Id., 111 S. Ct. at 2324 (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399 (1981)).  Second, the prison official must have acted with a sufficiently culpable state of mind. See id. at 305, 111 S. Ct. at 2328; Farmer, 511 U.S. at 838, 114 S. Ct. at 1979.  In prison condition of confinement cases, that state of mind is deliberate indifference, which the Supreme Court defined as knowing of and disregarding an excessive risk to inmate health or safety.  See id., 114 S. Ct. at 1979.  However, mere

neglect and/or negligence do not constitute deliberate indifference. See Fielder v. Bosshard, 590 F.2d 105, 107 (5th Cir. 1997).

Furthermore, this court should consider the duration and the totality of the specific circumstances that constituted the conditions of Plaintiff's confinement. Palmer v. Johnson, 193 F.3d 346 (5th Cir. 1999).

## Recreation

Plaintiff claims the facility is operated and managed like a maximum-security facility on 23-hour lockdown with 30 minutes of recreation twice a day. Plaintiff claims that on December 7, 2019 and other big game days, inmates are locked down for 24 to 30 hours.

Plaintiff's claims standing alone, simply do not rise to the level of cruel and usual punishment as defined by the jurisprudence. Plaintiff does not allege how the recreation restrictions posed a substantial risk of serious harm to his health or safety, nor does he allege that prison officials knew of and disregarded that risk. Inmates do not have a protected liberty interest in specific recreational opportunities and the "[d]eprivation of exercise is not a per se constitutional violation." Lewis v. Smith, 277 F.3d 1373, 2001 WL 1485821 (5th Cir. 2001); Stewart v. Winter, 669 F.2d 328, 336 n. 19 (5th Cir. 1982); see also Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (affirming limits on recreation time). "[W]hat is constitutionally required, however, is that [the prisoner] not be confined for long periods without the opportunity for regular physical exercise." Lewis, 2001 WL 1485821(citation omitted).

Plaintiff does not claim he was denied all exercise or that he could not exercise in his dorm.  In fact, Plaintiff admits he was allowed out of his cell for one hour each day for recreation.  It is well established that recreation restrictions do not deprive an inmate of a protected liberty interest. Malchi v. Thaler, 211 F.3d 953 (5th Cir.2000). Also, recreation restrictions do not impose a significant or atypical hardship on a prisoner in relation to the ordinary incidents of prison life. Madison v. Parker, 104 F.3d 765, 768 (5th Cir.1997).

### Cleanliness of Cell and Shower Area

Plaintiff claims that sometimes it is more than two weeks before inmates can clean or sanitize their cells.  He claims three men are housed in a cell and one man is on a boat next to the toilet.  He claims the showers are rarely cleaned and smell like bodily fluids. He claims the shower drains are blocked with trash and flood over the inmates' feet. Plaintiff claims only five showers work properly if at all for a 64-cell housing unit.  He claims it is difficult to shower because inmates are only allowed 20 to 25 minutes.

Plaintiff's claims standing alone, simply do not rise to the level of cruel and usual punishment as defined by the jurisprudence.  Plaintiff does not allege how the conditions of his cell and shower area posed a substantial risk of serious harm to his health or safety, nor does he allege that prison officials knew of and disregarded that risk.  Although a jail should be reasonably clean, "[t]he Constitution does not require that prisons be completely sanitized or as clean or free from potential hazards as one's home might be." McAllister v. Strain, No. 09-CV-2823, 2009 WL 5178316, at *3 (E.D. La. Dec. 23, 2009); accord Talib v. Gilley, 138 F.3d 211, 215 (5th Cir. 1998) ("[T]he Constitution does not mandate prisons with comfortable surroundings or commodious conditions.").

### Hair and Nail Cuts

Plaintiff claims inmates are given haircuts and nail clipping once every two months. Plaintiff's claims standing alone, simply do not rise to the level of cruel and usual punishment as defined by the jurisprudence. Here, Plaintiff does not allege that he was denied anything close to the "minimal civilized measure of life's necessities." Id.   See Burton v. Cameron County, April 24, 1995 884 F.Supp. 234 1995 WL 245458.

Accordingly, Plaintiff's claims regarding the conditions of his confinement are frivolous because they lack an arguable basis in law and in fact, and they should be dismissed with prejudice as frivolous.

### CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed.   See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).   District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact.   See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 23rd day of June, 2020.

Mark L. Hornsby
U.S. Magistrate Judge

Page **11** of **11**